IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. ALVAREZ, JR., | |
| Plaintiff(s), | No. C 09-3762 CRB (PR) |
| vs. | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| MIKE KANALAKIS, Sheriff, et al., | |
| Defendant(s). | |

Plaintiff, a prisoner at the Monterey County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that on November 2, 2007 he was attacked and stabbed 88 times because Deputy Cantu placed him in "I Pod," an active Norteño gang pod, despite knowing that plaintiff was a gang drop out. Plaintiff also alleges that medical staff more recently refused to see and treat him for his nerve damage and chronic back pain.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Deliberate indifference to a prisoner's safety needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). So does deliberate indifference to a prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837.[1]

Plaintiff will be afforded an opportunity to amend to name individual defendants and link them to his allegations of deliberate indifference to his safety and serious medical needs. Plaintiff currently only names Sheriff Mike Kanalakis and the "medical staff" as defendants in the caption of his complaint. He must name Deputy Cantu as a defendant in the caption of his complaint, as well as the individual members of the medical staff who have been deliberately

---

[1] Although pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

indifferent to his serious medical needs. See <u>Barsten v. Dep't of the Interior</u>, 896 F.2d 422, 423-24 (9th Cir. 1990). Specifically, plaintiff must name these individual defendants and allege how each of them actually and proximately caused the deprivation of a federally protected right. See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988). Sheriff Kanalakis cannot be liable under § 1983 solely on the theory that he was responsible for the actions or omissions of his employees. See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: March 10, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Alvarez, J2.dwlta.wpd

3